[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16643
Non-Argument Calendar

_____

D. C. Docket No. 06-00021-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFUS J. SHEPPARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 26, 2007)**

Before BLACK, MARCUS and HULL, Circuit Judges.

PER CURIAM:

Rufus J. Sheppard appeals his sentences for one count of threatening to kill

the President and one count of threatening to kill an immediate family member of

the President, in violation of 18 U.S.C. §§ 871(a) and 879(a)(2). The government

concedes that a sentencing error in this case occurred and after our own review, we

agree and vacate and remand for resentencing.

## I. BACKGROUND

While Sheppard was a federal prisoner, prison officials found an envelope

addressed to President George W. Bush that contained a letter that threatened

President Bush and his family. Sheppard was identified as the sender on the return

address. In addition, forensic analysis revealed that it was his handwriting in the

letter and that his fingerprints were on the letter and the envelope. Sheppard was

indicted and, after a jury trial, found guilty of both counts.

The probation officer prepared a Presentence Investigation Report ("PSI")

recommending that Sheppard receive a 4-level reduction in his base offense level,

pursuant to U.S.S.G. § 2A6.1(b)(5). Under § 2A6.1(b)(5), the defendant's offense

level is decreased by 4 levels if the offense "involved a single instance evidencing

little or no deliberation." However, a defendant is not entitled to this reduction if,

inter alia, he has received a 2-level enhancement under § 2A6.1(b)(2) because the

offense involved "more than two threats."[1]

---

[1]Section 2A6.1 of the Sentencing Guidelines states in relevant part:

(a)     Base Offense Level:

The government objected to the 4-level reduction and provided the probation officer with four additional threatening letters Sheppard wrote to President Bush, Vice President Richard Cheney and the presiding judge in this case. Sheppard wrote these four letters <u>after</u> he was indicted for the instant offenses and was awaiting trial. The government argued that these four letters should be counted as relevant conduct. According to the government, once the four letters were considered, Sheppard's offense level must be increased by 2 levels, pursuant to § 2A6.1(b)(2), which would then disqualify him from receiving the 4-level reduction under § 2A6.1(b)(5) .

In response to the government's objections, the probation officer revised the PSI. Citing the four additional threatening letters provided by the government, the amended PSI included the 2-level increase pursuant to § 2A6.1(b)(2) and deleted

---

|   |   |   |
|---|---|---|
| (1) | **12**; or | |
| (2) | **6**, if the defendant is convicted of an offense under 47 U.S.C. § 223(a)(1)(C),(D), or (E) that did not involve a threat to injure a person or property. | |

(b)     Specific Offense Characteristics

. . . .

(2)     If the offense involved more than two threats, increase by **2** levels.

. . . .

(5)     If (A) subsection (a)(2) and subdivisions (1), (2), (3), and (4) do not apply, and (B) the offense involved a single instance evidencing little or no deliberation, decrease by **4** levels.

U.S.S.G. § 2A6.1(a)-(b).

3

the 4-level reduction pursuant to § 2A6.1(b)(5).

At sentencing, over Sheppard's objection, the district court considered the four additional threatening letters as relevant conduct and adopted the guidelines calculations in the amended PSI. Thus, the district court imposed the 2-level increase pursuant to § 2A6.1(b)(2) and declined to impose the 4-level reduction pursuant to § 2A6.1(b)(5). With a total offense level of 16 and a criminal history category of V, Sheppard's advisory guidelines range was 41 to 51 months. The district court imposed two concurrent 46-month sentences. Sheppard filed this appeal.

## II. DISCUSSION

On appeal, Sheppard argues, and the government concedes, that the district court erred in relying on the four additional threatening letters to support the § 2A6.1(b)(2) enhancement.

The Sentencing Guidelines provide for a 2-level enhancement if the threatening communications "involved more than two threats . . . ." U.S.S.G. § 2A6.1(b)(2). The commentary to § 2A6.1(b) indicates that the sentencing court should "consider both conduct that occurred <u>prior</u> to the offense and conduct that occurred <u>during</u> the offense . . . ." <u>Id.</u> cmt. n.1 (emphasis supplied). However, this Court has concluded that conduct that did not occur "before or during" the offense,

but rather "after" the offense has been completed, is not considered in determining whether to apply a § 2A6.1(b) enhancement. United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006).[2]

Here, the district court imposed the 2-level enhancement pursuant to § 2A6.1(2)(b) based on the four threatening letters Sheppard wrote after he had been indicted for the instant offenses. Under Scott, this was error. Therefore, we must vacate Sheppard's sentence and remand to the district court for resentencing. On remand, the district court shall consider whether, absent consideration of the four additional letters, the Sentencing Guidelines call for a 2-level enhancement pursuant to § 2A6.1(b)(2). If the district court answers this question in the negative, the district court shall also consider whether Sheppard should receive a 4-level reduction pursuant to § 2A6.1(b)(5).[3]

**VACATED AND REMANDED.**

---

[2]In Scott, the defendant was interviewed by the FBI after he mailed threatening letters to a federal judge. 441 F.3d at 1324. During the interview, the defendant made statements suggesting that he intended to carry out his threats once he was released from prison. Id. Based on these statements, the district court imposed a 6-level enhancement, pursuant to § 2A6.1(b)(1), because "the offense involved conduct evidencing an intent to carry out" the threats. Id. at 1324-25 (internal quotation marks omitted). This Court reversed, explaining that the commentary to § 2A6.1(b) required the conduct to have been "committed before or during the offense . . ." and Scott's statements to the FBI had occurred while he was in custody and "after the crime had been completed." Id. at 1329.

[3]Although we remand for recalculation of Sheppard's advisory guidelines range, we express no view as to the appropriate sentence after consideration of the correctly calculated advisory guidelines range and the factors in 18 U.S.C. § 3553(a).